**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS MARTINEZ, | No. 24-5245 |
| Plaintiff - Appellant, | D.C. No. 1:24-cv-00494-JLT-SAB |
| v. | MEMORANDUM[*] |
| UNITED STATES OF AMERICA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted April 22, 2026[**]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

Carlos Martinez appeals pro se from the district court's judgment dismissing

his action under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA").  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Bishop Paiute*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th Cir. 2017) (dismissal for lack of subject matter jurisdiction); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Martinez's *Bivens* claim because Martinez did not name proper defendants. *See FDIC v. Meyer*, 510 U.S. 471, 483-86 (1994) (explaining that a *Bivens* claim is only available against federal officers, not federal agencies or the United States).

The district court properly dismissed Martinez's FTCA claim for lack of subject matter jurisdiction because sovereign immunity bars the claim. *See United States Postal Serv. v. Konan*, 146 S. Ct. 736, 740 (2026) (explaining that sovereign immunity applies "when the plaintiff is harmed 'because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address,'" as well as "when postal workers intentionally fail to deliver the mail" (citation omitted)).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile).

We reject as unsupported by the record Martinez's contention that the district judge was biased. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that judicial rulings alone rarely support an allegation of bias).

All pending motions are denied.

**AFFIRMED.**